UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                           :
                                                                 :   Chapter 11
VILLAGE RED RESTAURANT CORP.                                     :
d/b/a WAVERLY RESTAURANT,                                        :   Case No. 18-10960 (MEW)
                                                                 :
                              Debtor.                            :
-----------------------------------------------------------------x
CHRISTOPHER F. GRAHAM, as Plan                                   :
Administrator of the Estate of Village Red                       :
Restaurant Corp.,                                                :
                                                                 :
                              Plaintiff,                         :
                                                                 :   Adv. Proc. No. 20-01068 (MEW)
            - against -                                          :
                                                                 :
DRISCOLL FOODS, INC.,                                            :
                                                                 :
                              Defendant.                         :
-----------------------------------------------------------------x
CHRISTOPHER F. GRAHAM, as Plan                                   :
Administrator of the Estate of Village Red                       :
Restaurant Corp.,                                                :
                                                                 :
                              Plaintiff,                         :
                                                                 :   Adv. Proc. No. 20-01070 (MEW)
            - against -                                          :
                                                                 :
ZEZE FOOD CORP.,                                                 :
                                                                 :
                              Defendant.                         :
-----------------------------------------------------------------x

## DECISIONS ON PREFERENCE CLAIMS

Christopher F. Graham, as Plan Administrator of the estate of Village Red Restaurant Corp., seeks to recover alleged preference payments from defendants Driscoll Foods, Inc. ("**Driscoll**") and Zeze Food Corp. ("**Zeze**"). Driscoll filed an answer but then did not respond to discovery requests, did not participate in pretrial proceedings and did not appear at the scheduled trial on March 18, 2021. The Court agreed to allow Driscoll's counsel of record to withdraw due

1

to his inability to communicate with Driscoll.  Zeze filed an answer, belatedly provided some discovery but then also did not appear at the scheduled trial on March 18, though Zeze's counsel appeared and was not permitted to withdraw from his representation of Zeze.  For the reasons set forth below the Court will enter judgment against Driscoll in the amount of $18,719.51 and judgment against Zeze in the amount of $59,987.25.

## Jurisdiction and Power to Enter a Final Judgment

The Court has jurisdiction over these matters under 28 U.S.C. §§ 157 and 1334 and the preference claims asserted in these adversary proceedings are "core" proceedings pursuant to 28 U.S.C. § 157(b)(2)(I).  The Court also has the Constitutional power to issue final judgments in these proceedings.  Driscoll and Zeze were notified (in the summonses that were served) that judgment would be entered against them if they failed to participate.  They were also required, pursuant to Rule 7012(b), to state in their pleadings whether they did or did not consent to the entry of a final judgment by this Court.  *See* Fed. R. Bankr. P. 7012(b).  Driscoll elected to participate by filing an answer (in which it did not make the explicit statement required by Rule 7012(b) but in which no defense was raised as to this Court's power to render judgment) and by requesting extensions of discovery deadlines, but then elected to ignore further proceedings.  Zeze similarly filed an answer (in which it, too, ignored the provisions of Rule 7012(b) but in which no defense was asserted as to this Court's powers to enter judgment); Zeze then participated (belatedly) in discovery, and its counsel was present at trial.  Case law in this Circuit confirms that where (as here) a party only selectively participates in a proceeding, after service of a summons and in the face of a rule that advises the party of the consequences of inaction and of the right to contest the court's power to enter a final judgment, the party has impliedly consented to the entry of a final order.  *See Lynch v. Lapidem Ltd. (In re Kirwan Offices S.A.R.L.)*, 592 B.R. 489, 508, 512 (S.D.N.Y. 2018); *LaMonica v. Harrah's Atl. City Operating*

*Co. (In re JVJ Pharm. Inc.)*, 618 B.R. 408, 416-17 (Bankr. S.D.N.Y. 2020); *In re Extended Stay, Inc.*, No. 09-13764, 2020 Bankr. LEXIS 2128 at * 14 (Bankr. S.D.N.Y. 2020). That implied consent is sufficient to empower this Court to issue final judgments in these proceedings. *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1947-48 (2015).

## Discussion

Section 547 of the Bankruptcy Code provides that a trustee may avoid any transfer of property or of an interest in property if that transfer:

- Was made to or for the benefit of a creditor;
- Was made for or on account of an antecedent debt owed by the debtor before the transfer was made;
- Was made while the debtor was insolvent;
- Was made within 90 days prior to the filing of the debtor's bankruptcy petition; and
- Enabled the creditor to receive more than the creditor would have received if the case were a case under chapter 7 and the payment had not been made.

*See* 11 U.S.C. § 547. A debtor is presumed to have been insolvent during the 90 days preceding the filing of the bankruptcy petition. *Id*. § 547(f). A creditor may defend a preference action by showing (among other things) that the payment (1) was intended to be a contemporaneous exchange for new value, or (2) that the debt was incurred in the ordinary course of business, the payment was made in the ordinary course of business and the payment was made on ordinary business terms, or (3) that the creditor gave "new value" to the debtor after the receipt of such payment, on account of which the creditor did not receive an otherwise avoidable payment. *Id*.

3

§§ 547(c)(1), (2) and (4). The creditor bears the burden of proof with respect to those particular defenses. *Id*. § 547(g).

### Facts as to Village Red's Payments to Driscoll

The Plan Admininstrator offered uncontradicted evidence at trial of the following invoice and payment history with respect to Village Red's transactions with Driscoll during the 90 days that preceded the bankruptcy filing:

| Date | Invoice | Payment | Net Owed |
|---|---|---|---|
| 2017-12-07 | $1,491.96 | | $1,491.96 |
| 2017-12-08 | $1,327.61 | | $2,819.57 |
| 2017-12-11 | $1,402.45 | | $4,222.02 |
| 2017-12-14 | $1,836.71 | | $6,058.73 |
| 2017-12-19 | $1,590.85 | | $7,649.58 |
| 2017-12-21 | $3,026.60 | | $10,676.18 |
| 2017-12-28 | $3,012.96 | | $13,689.14 |
| 2018-01-04 | | $13,689.14 | $0.00 |
| 2018-01-04 | $1,464.68 | | $1,464.68 |
| 2018-01-11 | $2,149.89 | | $3,614.57 |
| 2018-01-18 | $2,255.17 | | $5,869.74 |
| 2018-01-25 | $2,734.12 | | $8,603.86 |
| 2018-02-01 | $2,402.78 | | $11,006.64 |
| 2018-02-08 | $2,438.37 | | $13,445.01 |
| 2018-02-12 | | $8,603.86 | $4,841.15 |
| 2018-02-15 | $2,626.87 | | $7,468.02 |
| 2018-02-21 | $1,065.50 | | $8,533.52 |
| 2018-02-22 | $1,582.13 | | $10,115.65 |
| 2018-03-01 | $2,701.23 | | $12,816.88 |
| 2018-03-03 | $155.94 | | $12,972.82 |
| 2018-03-07 | $2,179.25 | | $15,152.07 |
| 2018-03-08 | $74.75 | | $15,226.82 |
| 2018-03-15 | $2,175.56 | | $17,402.38 |
| 2018-03-21 | $2,922.84 | | $20,325.22 |
| 2018-03-22 | | $10,115.65 | $10,209.57 |
| 2018-03-22 | $107.96 | | $10,317.53 |
| 2018-03-29 | $1,909.17 | | $12,226.70 |
| | | | $12,226.70 |
| 4/2/2018 | | $15,218.74 | ($2,992.04) |

4

The evidence showed that Driscoll provided goods to Village Red and was a creditor of Village Red and that Driscoll received the relevant payments directly from Village Red. The payments were made on account of prior invoices and deliveries and therefore were made in respect of antecedent debts owed to Driscoll. The payments were made within the 90 days prior to the filing of Village Red's bankruptcy petition (which occurred on April 6, 2018) and therefore at a time when Village Red is presumed to have been insolvent. This Court confirmed a plan of reorganization that provided unsecured creditors with projected recoveries of only 1.07% of the amounts of their allowed claims, so the payments made to Driscoll obviously enabled Driscoll to obtain a higher recovery than it would have received if the payments had not been made.

Driscoll asserted affirmative defenses in its answer (including contentions that payments had been made in the ordinary course of business and that the claims were subject to "new value" defenses) but it did not provide full discovery in response to timely requests on those subjects, did not appear at trial and did not offer any evidence in support of the asserted defenses. The Plan Administrator nevertheless acknowledges that the full invoice and payment history shows that "new value" was provided by Driscoll, in the form of additional goods and services, in sufficient amounts to establish a partial defense to the preference claims. The net amounts of the preferential payments to Driscoll (after accounting for such new value defenses) is $23,317.26. Although the Plan Administrator's Complaint against Driscoll sought recovery of "all" preferential transfers that had been made, the Complaint only specifically identified transfers in the total amount of $18,719.51. In a post-trial submission the Plan Administrator has asked for the entry of judgment only in this reduced amount, and the evidence at trial supports the entry of judgment in that amount.

## Facts as to Village Red's Payments to Zeze

The Plan Administrator offered uncontradicted evidence at trial of the following invoice and payment history with respect to Village Red's transactions with Zeze during the 90 days that preceded the bankruptcy filing:

| Date | Invoice | Payment | Net Owed |
|---|---|---|---|
| 2017-12-07 | $1,491.96 | | $1,491.96 |
| 2017-12-01 | $847.10 | | $847.10 |
| 2017-12-04 | $1,113.54 | | $1,960.64 |
| 2017-12-06 | $1,473.64 | | $3,434.28 |
| 2017-12-07 | $105.00 | | $3,539.28 |
| 2017-12-08 | $1,402.68 | | $4,941.96 |
| 2017-02-11 | $700.72 | | $5,642.68 |
| 2017-02-13 | $1,209.34 | | $6,852.02 |
| 2017-02-15 | $1,815.08 | | $8,667.10 |
| 2017-12-15 | $1,029.82 | | $9,696.92 |
| 2017-12-20 | $1,589.14 | | $11,286.06 |
| 2017-12-22 | $2,822.05 | | $14,108.11 |
| 2017-12-27 | $1,014.26 | | $15,122.37 |
| 2017-12-29 | $2,371.22 | | $17,493.59 |
| 2018-01-03 | $838.13 | | $18,331.72 |
| 2018-01-05 | $1,300.73 | | $19,632.45 |
| 2018-01-08 | $354.80 | | $19,987.25 |
| 2018-01-09 | | $17,493.59 | $2,493.66 |
| 2018-01-10 | $615.11 | | $3,108.77 |
| 2018-01-12 | $896.62 | | $4,005.39 |
| 2018-01-13 | $145.64 | | $4,151.03 |
| 2018-01-15 | $876.67 | | $5,027.70 |
| 2018-01-17 | $1,023.49 | | $6,051.19 |
| 2018-01-19 | $1,094.92 | | $7,146.11 |
| 2018-01-22 | $748.60 | | $7,894.71 |
| 2018-01-24 | $1,191.52 | | $9,086.23 |
| 2018-01-26 | $917.08 | | $10,003.31 |
| 2018-01-29 | $1,019.07 | | $11,022.38 |
| 2018-01-31 | $1,174.03 | | $12,196.41 |
| 2018-02-02 | $853.86 | | $13,050.27 |
| 2018-02-02 | $74.00 | | $13,124.27 |
| 2018-02-05 | $954.00 | | $14,078.27 |
| 2018-02-07 | $1,330.52 | | $15,408.79 |
| 2018-02-07 | | $52,196.41 | ($36,787.62) |

6

| | | | |
|---|---|---|---|
| 2018-02-08 | $228.94 | | ($36,558.68) |
| 2018-02-09 | $1,454.76 | | ($35,103.92) |
| 2018-02-13 | $820.48 | | ($34,283.44) |
| 2018-02-14 | $977.37 | | ($33,306.07) |
| 2018-02-16 | $1,037.91 | | ($32,268.16) |
| 2018-02-19 | $751.82 | | ($31,516.34) |
| 2018-02-21 | $1,331.11 | | ($30,185.23) |
| 2018-02-23 | $1,398.26 | | ($28,786.97) |
| 2018-02-23 | $79.60 | | ($28,707.37) |
| 2018-02-26 | $459.50 | | ($28,247.87) |
| 2018-02-28 | $1,268.60 | | ($26,979.27) |
| 2018-03-02 | $1,106.07 | | ($25,873.20) |
| 2018-03-05 | $650.99 | | ($25,222.21) |
| 2018-03-07 | $1,200.19 | | ($24,022.02) |
| 2018-03-09 | $1,204.20 | | ($22,817.82) |
| 2018-03-09 | $96.19 | | ($22,721.63) |
| 2018-03-12 | $723.71 | | ($21,997.92) |
| 2018-03-13 | $236.50 | | ($21,761.42) |
| 2018-03-14 | $1,572.70 | | ($20,188.72) |
| 2018-03-16 | $1,982.31 | | ($18,206.41) |
| 2018-03-19 | | $13,020.73 | ($31,227.14) |
| 2018-03-19 | $385.15 | | ($30,841.99) |
| 2018-03-21 | $1,272.33 | | ($29,569.66) |
| 2018-03-23 | $1,824.29 | | ($27,745.37) |
| 2018-03-16 | $955.28 | | ($26,790.09) |
| 2018-03-28 | $1,700.12 | | ($25,089.97) |
| 2018-03-30 | $1,941.39 | | ($23,148.58) |
| 2018-04-04 | | $16,851.42 | ($40,000.00) |

The evidence showed that Zeze provided goods to Village Red and was a creditor of Village Red and that Zeze received the relevant payments directly from Village Red. The payments were made on account of prior invoices and deliveries and therefore were made in respect of antecedent debts owed to Zeze, except in the case of the payment made on February 7, 2018, which inexplicably was made in an amount that was $40,000 higher than the amount then owed to Zeze. Either that $40,000 extra payment was made with respect to an antecedent debt (in which case it was a preference) or it was made without consideration, in which case it was a fraudulent transfer pursuant to 11 U.S.C. § 548. In either event it is recoverable. The payments

7

were made within the 90 days prior to the filing of Village Red's bankruptcy petition (which occurred on April 6, 2018) and therefore at a time when Village Red is presumed to have been insolvent. As noted above, this Court confirmed a plan of reorganization that provided unsecured creditors with projected recoveries of only 1.07% of the amounts of their allowed claims, so the payments made to Zeze obviously enabled Zeze to obtain a higher recovery than it would have received if the payments had not been made.

Zeze asserted affirmative defenses in its answer (including contentions that payments had been made in the ordinary course of business and that the claims were subject to "new value" defenses). It provided some belated discovery on these points but it did not appear at trial and did not offer any evidence at trial in support of any affirmative defenses. In any event the irregular payment of an extra $40,000 in February 2018 suggests that Village Red was not dealing with Zeze in the ordinary course of business and on ordinary business terms.

Although Zeze did not offer evidence at trial, the Plan Administrator nevertheless acknowledges that the full invoice and payment history shows that "new value" was provided by Zeze, in the form of additional goods and services, in sufficient amounts to establish a partial defense to the preference claims. The net amounts of the preferential payments to Zeze (after accounting for such new value defenses) is $59,987.25. Zeze's counsel did not contest that calculation at trial and the calculation matches the Court's own calculation.

As explained above, the Court raised the question at trial of whether the Plan Administrator could seek recovery, in Driscoll's case, of payments that the Plan Administrator had not specifically identified in his Complaint, since Driscoll had effectively defaulted and had failed to participate meaningfully in the proceedings. That question prompted Zeze's counsel to contend, for the first time, that the Plan Administrator should be barred from attacking certain

payments that were made to Zeze during the preference period but that had not been specifically identified in the Complaint.  However, Zeze's circumstances differ from Driscoll's.  Zeze did participate (though belatedly) in some document discovery and in pretrial proceedings.  While the Plan Administrator's Complaint did not correctly list all of the relevant preference payments, the Plan Administrator did say quite clearly in the Complaint that he sought recovery of all payments that were made, and Zeze provided discovery with respect to all such payments.  In short, the parties treated all of the payments that were made during the preference period as being at issue in the Plan Administrator's case, at least until after the Court's question about Driscoll prompted Zeze's counsel to raise an argument at trial that he had not previously raised.  I agree with the Plan Administrator that under these circumstances the pleadings should be deemed to have been amended to conform to the evidence and that judgment in the full amount of $59,987.25 should be entered in favor of the Plan Administrator.

## Conclusion

The Plan Administrator has not pursued his separate requests for prejudgment interest or attorneys' fees.  For the foregoing reasons, judgment will be entered against Driscoll and in favor of the Plan Administrator in the amount of $18,719.51, and judgment will be entered against Zeze and in favor of the Plan Administrator in the amount of $59,987.25.

Dated: New York, New York
       March 24, 2021

                                     **s/Michael E. Wiles**
                                      **HONORABLE MICHAEL E. WILES**
                                      **UNITED STATES BANKRUPTCY JUDGE**